IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ERIC ROMAR STANLEY                                                                                    PLAINTIFF

      v.                              Civil No. 4:22-cv-04036

CORPORAL GREY; OFFICER SMITH;
OFFICER MARTINEZ; CAPTIAN ADAMS;
and WARDEN WALKER                                                                                  DEFENDANTS

## ORDER

Plaintiff, Eric Romar Stanley, filed this 42 U.S.C. § 1983 action *pro se* on April 27, 2022. (ECF No. 1). Plaintiff was granted Leave to Proceed *in forma pauperis* on the same day. (ECF No. 3). Plaintiff filed an Amended Complaint on May 16, 2022. (ECF No. 7). Before the Court is Plaintiff's Motions to Compel. (ECF No. 26). Defendants have responded. (ECF No. 28).

### I.    BACKGROUND

In his Amended Complaint, Plaintiff alleges, that while incarcerated in the Miller County Detention Center ("MCDC"), on March 25, 2022, his constitutional rights were violated when Defendants stripped him and forced him into a one man "psych cell" with a mentally ill inmate. (ECF No. 7). On January 10, 2023, Plaintiff filed his Motion to Compel alleging Defendants have failed to answer his First Set of Interrogatories and Request for Production of Documents, failed to produce all of the videos recorded on March 25, 2022 (the date of alleged incident); failed to produce video from additional days; and "Defendants have not produced all the documents . . . there [are] still grievance, photos, incident reports & videos that have not been produced." (ECF No. 26, p.2).

To his Motion, Plaintiff attached two letters of good faith conferral attempts. Neither

letter indicate what date Plaintiff sent them to Defendants.[1] The first letter requests: (1) a list of specific grievances by number and date; (2) incident reports by date; (3) the video of the incident; (4) photos of the incident; (5) copy of the Prison Rape Elimination Act report regarding the incident on March 25, 2022; and (6) a video from November 20, 2019. (ECF No. 26, pp. 3-4). The second letter requests: (1) all of the documents previously requested in the first letter; (2) video footage of incidents occurring on March 12, 2022, March 20, 2022, and April 11, 2021; and (3) responses to his First Set of Interrogatories and Requests for Production of Documents and First Set of Request for Admissions. (ECF No. 26, pp. 3-5).

Additionally, Plaintiff attached to his Motion: (1) Plaintiff's First Set of Interrogatories and Request for Production of Documents and Request for Production of Documents; (2) Plaintiff's First Set of Requests for Admissions; (3) Plaintiff's Answers to Interrogatories and Request for Production. (ECF No. 26, pp. 6-15).

Defendants filed a Response arguing Plaintiff's Motion to Compel is moot because they have produced the requested information, and it should be denied because Plaintiff failed to confer in good faith prior to filing the Motion. (ECF No. 28).

## II. APPLICABLE LAW

The scope of discovery in a civil case is governed by Federal Rule of Civil Procedure 26, which provides in part:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the

---

1 The Court notes, even though both of these letters are signed by Plaintiff at the bottom of the document and dated January 1, 2023, the Court believes this was the date Plaintiff sent the Motion to Compel for filing to the Court, not the date Plaintiff sent the letters to Defendants.

> parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

> On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
>
>> i. The discovery sought is unreasonable, cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>>
>> ii. The party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>>
>> iii. The proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C). Further, under rule 26(c), "[t]he Court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed.R.Civ.P. 26(c).

The burden is generally on the party resisting discovery to show why discovery should be limited. *Cincinnati Ins. Co. v. Fine Home Managers, Inc.*, 2010 WL 2990118, at *1 (E.D. Mo. July 27, 2010). In carrying this burden, the objecting party cannot rely on mere statements and conclusions but must specifically show how the objected-to disclosures would be irrelevant or overly burdensome, overly broad, or oppressive. *See St. Paul Reinsurance Co., Ltd. v. Comm. Fin. Corp.*, 198 F.R.D. 508, 511-12 (N.D. Iowa 2000) (collecting cases).

Under Rule 26(c)(1), a party "may move for a protective order in the court where the action is pending" and "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Such an order may forbid the disclosure or discovery. *See,* Rule 26(c)(1)(A).

## III. DISCUSSION

In his Motion to Compel (ECF No. 26), Plaintiff requests the Court compel Defendants to answer his First Set of Interrogatories, Request for Production, Requests for Admissions, and to produce videos from all dates requested. From Plaintiff's arguments in his Motion, it would appear Defendants did not offer any response to Plaintiff's first set of discovery requests. *Id.* at 1-2. Plaintiff does not assert specific Interrogatories or Requests that have gone unanswered, and only specifically request video from March 12, 2022, and April 11, 2022, and additional footage from March 25, 2022. (ECF No. 26, pp. 1-2).

Defendants assert in their Response: (1) they have already answered Plaintiff's interrogatories and requests and they attached these discovery responses to their Response to the Motion to Compel (ECF No. 28-2); or (2) the information requested does not exist. Specifically, Defendants argue they produced all video that exist from March 25, 2022, and video from March 12, 2022 and April 11, 2022 no longer exist as it was not retained by the jail. (ECF No. 28, p. 2). Further, Defendants argue they have answered and produced documents in response to all of Plaintiff's discovery requests. *Id.* Moreover, Defendants filed a Notice with additional documentation produced to Plaintiff. (ECF No. 29). Plaintiff did not reply to Defendants Response or Notice arguing this final production was insufficient, or pointing to any specific answers to his Interrogatories, Request for Admissions, or Document Production Request that was insufficient.

Because Plaintiff did not list specific Interrogatories or Requests that Defendants failed to answer adequately or produce, the Court is unable to consider his Motion to Compel on any

4

discovery matters other than the videos he requested. Plaintiff requested video from the dates March 12, 2022; March 25, 2022; and April 11, 2022. Defendants produced video from March 25, 2022 and responded to Plaintiff's other requests indicating video from the other dates does not exists, and no further video on March 25, 2022 exists. Defendants support this Answer with an Affidavit of the Jail Administrator explaining why no further video footage exists from those dates. (ECF No. 28-5). The MCDC has a policy of recording over video every thirty (30) days unless a hold is placed on the video footage. Inmates cannot place holds on videos. Plaintiff's Prison Rape Elimination Act claim triggered the hold on the March 25, 2022 video footage. The footage produced of March 15, 2022 is all that exist and that ever existed. *Id.*

Federal Rule of Procedure 34 provides for the production of documents and things within "the responding party's possession, custody or control." Fed.R.Civ.P. 34 (a)(1). Defendants are not required to produce items that are not in their custody or control. Further, Defendants cannot produce something that does not exist. The Court is satisfied with Defendants response that no video exists from the dates of March 12, 2022 and April 11, 2022. Furthermore, Plaintiff's Amended Complaint concerns incidents occurring on March 25, 2022, not March 12, 2022 or April 11, 2022. Plaintiff has not shown the Court how video, even if it existed, from March 12, 2022 and April 11, 2022 is relevant to his claims. Accordingly, Plaintiff's Motion to Compel must be denied as the information he requests does not exist.

## IV. CONCLUSION

For the reasons stated above, the Plaintiff's Motion to Compel (ECF No. 26) **DENIED.**

**IT IS SO ORDERED** this 7th day of March 2023.

s/ *Barry A. Bryant*
_____
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE