IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ERIC ROMAR STANLEY                                                                            PLAINTIFF

v.                                               Case No. 4:22-cv-4036

CORPORAL GRAY; OFFICER SMITH;
OFFICER MARTINEZ; CAPTAIN ADAMS;
and WARDEN WALKER                                                                          DEFENDANTS

## AMENDED ORDER

Before the Court is a Report and Recommendation ("R&R") submitted by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. ECF No. 49. Plaintiff has filed objections. ECF No. 51. The Court finds the matter ripe for consideration.

### I. BACKGROUND

At all times relevant to this matter, Plaintiff Eric Romar Stanley was a pretrial detainee within the Miller County Detention Center ("MCDC"), and Defendants were employees of the MCDC. Nearly all facts relevant to the instant motion are undisputed between the parties. The statements of facts offered by the parties and an incomplete surveillance video within the MCDC provide the factual background.[1] On March 25, 2022, Defendants Officer Smith ("Smith") and Officer Martinez ("Martinez") attempted to relocate Plaintiff from his normal cell into a psych watch cell. Defendants state that the relocation was in response to suicidal statements made by Plaintiff. Plaintiff denies that he made any suicidal statements.

Plaintiff initially refused to leave his cell when ordered to by Smith and Martinez. Smith and Martinez then called Defendant Corporal Gray ("Gray") to assist in relocating Plaintiff. Plaintiff was cooperating with Smith and Martinez when Gray arrived. After moving to the area

---

[1] There is incomplete and silent video footage of the incident underlying one of Plaintiff's claims. This footage was provided to the Court and is labeled by Defendants as Exhibit 2G, though it is listed on the docket as ECF No. 31-9.

outside of the psych cell, Defendants ordered Plaintiff to remove his clothes and enter the psych cell, as is required by MCDC policy. Plaintiff refused to remove his clothing and enter the cell. This disagreement is visible in the security footage, with Defendants Smith, Martinez, and Gray gesturing for Plaintiff to enter the cell and Plaintiff demonstrably refusing. Defendant Smith gave at least three orders for Plaintiff to remove his clothing and enter the psych cell. The order of events afterward is uncertain. The surveillance tape cuts out a few seconds and jumps forward to show that Plaintiff had retreated down the hallway away from the psych cell. Defendants Smith, Martinez, and Gray are then seen following Plaintiff down the hallway. Either before or after Plaintiff's retreat, Smith sprayed a short burst of "OC" spray[2] into Plaintiff's eyes to obtain compliance. The tape jumps forward a few seconds again to show that these Defendants had a hold of Plaintiff and were walking Plaintiff into the psych cell while Plaintiff resists. Once in the cell, these Defendants forcibly removed Plaintiff's clothes. MCDC staff offered and provided Plaintiff with decontamination and medical treatment for the spray within forty-five minutes of the incident.

Plaintiff subsequently submitted numerous grievances through the MCDC grievance process. Among Plaintiff's grievances were allegations under the Prison Rape Elimination Act ("PREA") asserting that Defendants Smith, Gray, and Martinez sexually assaulted him by forcibly removing his clothes when moving Plaintiff into the psych cell.

On April 27, 2022, Plaintiff filed his initial *pro se* Complaint. ECF No. 1. Plaintiff subsequently filed an Amended Complaint, which is the operative complaint in this matter. ECF No. 7. Plaintiff brings claims against Defendants pursuant to 42 U.S.C. § 1983. Plaintiff's first claim alleges that Defendants Smith, Martinez, and Gray subjected him to unconstitutional

---

[2] "OC" refers to Oleoresin Capsicum spray, which is similar to mace or pepper spray. *Pars v. Pomeroy*, 387 F.3d 949, 953 (8th Cir. 2004).

conditions of confinement by placing him in the psych cell with a dangerous individual Plaintiff refers to as Mr. Land. *Id*. at p. 4-5. Plaintiff's second claim alleges that Defendants Smith, Martinez, and Gray used constitutionally excessive force related to using OC spray, forcibly moving him into the psych cell, and forcibly removing his clothes. *Id*. at p. 5-6. Plaintiff's third claim alleges that Defendants Smith, Martinez, Gray, Warden Walker ("Walker"), and Captain Adams ("Adams") subjected Plaintiff to cruel and unusual punishment by placing him in a cell with Mr. Land. *Id.* at p. 6-7. Plaintiff brings all claims against Defendants in their individual and official capacities. *Id*. at p. 4-6.

Defendants Smith, Martinez, Adams, and Walker filed their motion for summary judgment on January 26, 2023.[3] ECF No. 31. Defendants first argue that Plaintiff failed to exhaust his administrative remedies. ECF No. 32, p. 5-10. Defendants then generally argue that there is no genuine dispute that the force against Plaintiff was objectively reasonable, that Defendants are entitled to qualified immunity, and that Plaintiff failed to allege facts supporting his official capacity claims. *Id*. at p. 10-19. Defendants did not move for summary judgment on Plaintiff's first claim alleging unconstitutional conditions of confinement or third claim alleging cruel and unusual punishment.[4] Plaintiff responded in opposition, generally arguing that the force used was unreasonable under the circumstances and disputed certain facts asserted by Defendants. ECF Nos. 34, 35, & 36. Defendants replied, generally arguing that Plaintiff has not presented any facts that support his claim. ECF No. 46. Judge Bryant issued the instant R&R on August 1, 2023, which recommends that Plaintiff's excessive force claim against Defendants Smith and Martinez

---

[3] Defendant Gray did not seek summary judgment with the other Defendants.
[4] Judge Bryant ordered Defendants to submit a supplemental motion for summary judgment by September 15, 2023 if they desired to address Plaintiff's first and third claims and the excessive force claim against Defendant Gray. ECF No. 50.

be dismissed with prejudice.[5]  ECF No. 49.  Plaintiff filed a timely objection, generally arguing that the use of spray to obtain compliance was not reasonable under the circumstances.  ECF No. 51.

## II. LEGAL STANDARD

### A. Summary Judgment

"Summary judgment is appropriate if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Hess v. Union Pac. R.R. Co.*, 898 F.3d 852, 856 (8th Cir. 2018) (citation omitted).  Summary judgment is a "threshold inquiry of . . . whether there is a need for trial—whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they reasonably may be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).  A fact is material only when its resolution affects the outcome of the case.  *See id.* at 248.  A dispute is genuine if the evidence is such that it could cause a reasonable fact finder to return a verdict for either party.  *See id.* at 252.

In deciding a motion for summary judgment, the Court must consider all the evidence and all reasonable inferences that arise from the evidence in the light most favorable to the nonmoving party.  *See Nitsche v. CEO of Osage Valley Elec. Co-Op*, 446 F.3d 841, 845 (8th Cir. 2006).  The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.  *See Enter. Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996).  The nonmoving party must then demonstrate the existence of specific facts in the record that create a genuine issue for trial.  *See Krenik v. Cnty. of LeSueur*, 47 F.3d 953, 957 (8th

---

[5] While Judge Bryant also recommends that the excessive force claim against Defendants Waker and Adams be dismissed with prejudice, Plaintiff did not name those individuals as defendants for his excessive force claim or allege any facts against them in support of that claim.

Cir. 1995). However, a party opposing a properly supported summary judgment motion "may not rest upon mere allegations or denials . . . but must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. A party that fails to respond to any basis of a motion for summary judgment effectively waives any argument in opposition to that aspect of a motion for summary judgment. *See Department of Labor v. EJ's Cleaning Services, Inc.*, 2020 WL 1432048 at *1 (E.D. Ark. March 19, 2020) (citing *Satcher v. Univ. of Ark. at Pine Bluff Bd. of Trs.*, 558 F.3d 731, 735 (8th Cir. 2009)).

### B. § 1983 Claims

Title 42 U.S.C. § 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. To state a claim under § 1983, a plaintiff must allege that the defendant acted under color of state law and that he violated a right secured by the Constitution. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir.1999). "Qualified immunity shields public officials from liability for civil damages if their conduct did not 'violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Dillard v. O'Kelly*, 961 F.3d 1048, 1052 (8th Cir. 2020) (quotation omitted).

Claims brought pursuant to § 1983 can be against a defendant in their individual or official capacity. *Gorman v. Bartch*, 152 F.3d 907, 914 (8th Cir. 1998). "Claims against individuals in their official capacities are equivalent to claims against the entity for which they work; they require proof that a policy or custom of the entity violated the plaintiff's rights, and the only type of immunity available is one belonging to the entity itself." *Id*. Individual capacity claims are those which are alleged against the individual actions of a defendant during the course of their duties. *Id*. Individual liability for a §1983 individual capacity claim "requires a causal link to, and direct

responsibility for, the deprivation of rights." *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007). "To establish personal liability of the supervisory defendants, [a plaintiff] must allege specific facts of personal involvement in, or direct responsibility for, a deprivation of his constitutional rights." *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006). A defendant's general responsibility of supervising a prison or detention facility is insufficient to establish individual involvement for a § 1983 claim. *See Ouzts v. Cummins*, 825 F.2d 1276, 1277 (8th Cir. 1987).

### C. Review of R&R

A party may submit written objections to a magistrate judge's findings and recommendations. Fed. R. Civ. P. 72(b)(2). The district court must conduct a *de novo* review of "any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). Objections must be specific to trigger a *de novo* review, and the lack of specific objections permits a court to only review the recommendations for clear error. *See Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994). Complaints filed *pro se* are to be given a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 95 (2007). Likewise, the Court must apply a liberal construction when determining whether *pro se* objections to an R&R are specific. *See Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1990).

### III. DISCUSSION

#### A. Failure to Exhaust Administrative Remedies

Defendants argue that Plaintiff's claims are barred for failure to exhaust available administrative remedies as required by the Prison Litigation Reform Act ("PLRA"). ECF No. 32, p. 5-10. Defendants contend that Plaintiff failed to name all Defendants in the grievances he filed in the MCDC after the incident on March 25, 2023. Without naming all Defendants in the

grievances, Defendants assert that Plaintiff did not adhere to the requirements of the grievance process. Defendants also contend that Plaintiff failed to include specific facts and circumstances in his grievances. Therefore, Defendants conclude that Plaintiff's claims are barred for failure to exhaust the administrative remedies available in the MCDC.

Judge Bryant concludes that Plaintiff adequately exhausted his administrative remedies prior to filing his claims. ECF No. 49, p. 8-14. Judge Bryant notes that Plaintiff submitted numerous grievances related to the incident. Judge Bryant then determines that the official MCDC grievance policy, which determines whether Plaintiff exhausted available remedies under the PLRA, has no requirement regarding naming specific individuals in a grievance. Judge Bryant also determines that the grievances submitted by Plaintiff contained sufficient factual details to satisfy the requirements of the MCDC grievance policy. Therefore, Judge Bryant recommends that the Court find that Plaintiff exhausted the administrative remedies available within the MCDC and that his claims are not barred under the PLRA.

No party has objected to this recommendation. Finding that there is no clear error on the face of the record and that Judge Byrant's reasoning is sound, the Court adopts this recommendation. Plaintiff's claims are not barred under the PLRA for failure to exhaust his administrative remedies.

### B. Excessive Force Claim

**1. Judge Bryant Recommendation**

Plaintiff's second claim alleges that Defendants Smith, Martinez, and Gray used excessive force by using "mase" on Plaintiff, grabbing and pushing Plaintiff into the psych cell, and holding Plaintiff against the wall while they forcibly removed his clothing. ECF No. 7, p. 7.

Defendants argue that there is no evidence in the record suggesting that the force used by any Defendant against Plaintiff was unreasonable under the circumstances. ECF No. 32, p. 11-15. Defendants contend that all force used against Plaintiff was for the legitimate purpose of protecting Plaintiff or MCDC staff and that the force was undeniably within constitutionally permissible bounds. Defendants assert that the circumstances — such as Plaintiff's suicidal statements, Plaintiff's refusal to follow commands to enter the psych cell or remove his clothing, and Plaintiff's physical resistance to being placed into the psych cell — make the limited force applied to Plaintiff reasonable under the standards for evaluating excessive force claims. Defendants also note that Plaintiff has failed to present evidence of anything beyond superficial injuries. Defendants conclude that Plaintiff has failed to present evidence sufficient to establish a claim for excessive force and that they are entitled to summary judgment for this claim.

In response, Plaintiff primarily attempts to dispute certain facts asserted by Defendants. ECF Nos. 34, 35, & 36. Plaintiff disputes that he ever made any suicidal statements. Plaintiff also disputes Defendants' assertion that Defendant Smith sprayed Plaintiff after Plaintiff backed away from staff while refusing to enter the psych cell. Instead, Plaintiff contends that he backed away because Defendant Smith sprayed him. In reply, Defendants argue that Plaintiff has offered nothing but hearsay and his own unsubstantiated version of events. ECF No. 46.

Judge Bryant concludes that Plaintiff has failed to establish a claim for excessive force against Defendants Smith and Martinez. ECF No. 49, p. 14-22. Judge Bryant notes that Plaintiff alleges three separate uses of force that were excessive: the use of OC spray, physically forcing Plaintiff into the psych cell, and forcibly removing Plaintiff's clothes while in the psych cell. Judge Bryant also notes that there are few disputed facts regarding this claim. While he notes that the gaps in the MCDC security footage of the incident do not provide clarity on the specific order of

8

events, Judge Bryant determines that the dispute over the order of events is not material because the alleged force would be reasonable under either sequence of events asserted by the parties.

For the use of pepper spray by Defendant Smith, Judge Bryant determines that the force was objectively reasonable under the circumstances because of Plaintiff's willful failure to obey multiple orders, Plaintiff's unrestrained state in the hallway outside the psych cell, the short and minimal usage of the spray, and the medical treatment given to Plaintiff afterward. As to forcing Plaintiff into the cell, Judge Bryant determines that Defendants used an objectively reasonable, if not conservative, amount of force in walking Plaintiff into the cell while he physically resisted. Lastly, Judge Bryant determines that Defendants used objectively reasonable force to adhere to MCDC policy requirements regarding clothing in psych cells for allegedly suicidal detainees. Judge Bryant emphasizes that the only physical injury Plaintiff alleges is a small scar on his foot, which further undermines the potential severity of any of the force used against Plaintiff. Concluding that the factual record cannot show that excessive force was used against Plaintiff, Judge Bryant recommends finding that there was no constitutional violation committed by Defendants Smith or Martinez for Plaintiff's second claim.

Plaintiff filed a timely objection. ECF No. 51. Most of the objection simply restates Plaintiff's claims and generally lacks coherence. However, Plaintiff does make one coherent argument that the use of spray by Defendant Smith was unreasonable because he did not specifically warn Plaintiff that he would be sprayed for failing to move into the psych cell.[6] *Id*, p. 1-2. Under the liberal interpretation required for *pro se* objections, *see Hudson*, 46 F.3d at 786,

---

[6] While Judge Bryant determined that it was undisputed that Defendant Smith specifically warned Plaintiff that he would be sprayed if he did not comply, the Court finds that conclusion incorrect. Defendants' Statement of Undisputed Material Facts only asserts that it is undisputed that Defendant Smith gave at least three orders to comply after Plaintiff's initial refusal to enter the cell. ECF No. 33, p. 5. It does not assert that Defendant Smith warned Plaintiff he would be sprayed for non-compliance. Further, while Defendants' brief asserts that Defendant Smith gave a specific warning regarding the OC spray (ECF No. 32, p. 13-14), it cites to Defendant Smith's affidavit (ECF No. 31-1) which contains no assertion that a specific warning was given.

the Court finds that this objection is sufficiently specific to require a *de novo* review of Judge Bryant's determination that the use of OC spray against Plaintiff was objectively reasonable.

The Court finds that Judge Bryant's conclusion and recommendation regarding the other uses of force is sound. The Court adopts that recommendation. Therefore, the Court finds that Plaintiff failed to establish a claim for excessive force against Defendants Martinez and Smith for moving Plaintiff into the psych cell and for forcibly removing Plaintiff's clothes.

**2. Review of Use of OC Spray**

A pretrial detainee's claim of excessive force is subject to the Due Process Clause of the Fourteenth Amendment. *See Kingsley v. Hendrickson*, 576 U.S. 389, 396-98 (2015). "[T]he Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment." *Id*. at 397 (quotation omitted). The Fourteenth Amendment provides at least as much protection to a pretrial detainee as the Eighth Amendment because those not convicted of a crime should be shielded from any punishment rather than only cruel and unusual punishment. *See Walton v. Dawon*, 752 F.3d 1109, 1117 (8th Cir. 2014) (citations omitted). A claim for excessive force requires that a detainee show "objective evidence that the challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that purpose." *Kingsley*, 576 U.S. at 398. Ensuring the safety of inmates and detainees in confinement is a legitimate penological interest. *See Turner v. Safley*, 482 U.S. 78, 91-92 (1987); *Bell v. Wolfish*, 441 U.S. 520, 546-47 (1979).

Determining whether the use of force was objectively reasonable requires examining the "facts and circumstances of each particular case" and the "perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." *See*

*Kingsley*, 576 U.S. at 398. (internal quotation omitted). Considerations relevant to the reasonableness of force include:

> [T]he relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.

*Id*. at 397 (citation omitted).

This analysis of force extends to the means of force utilized against a detainee, such as chemical spray.[7] *See Leonard v. St. Charles Cnty. Police Dep't*, 59 F.4th 355, 359-60 (8th Cir. 2023). "[L]imited application of [OC spray] to control a recalcitrant inmate constitutes 'a tempered response by prison officials' when compared to other forms of force." *Jones v. Shields*, 207 F.3d 491, 496 (8th Cir. 2000) (internal quotation omitted). The few instances in which the Eighth Circuit denied summary judgment for excessive force claims based on using pepper spray "involved no warning this force would be used, no apparent purpose other than inflicting pain, use of unnecessary 'super-soaker' quantities of the chemical, refusal to allow the victim to wash off the painful chemical for days, and/or use of additional physical force." *Burns v. Eaton*, 752 F.3d 1136, 1140 (8th Cir. 2014) (citations omitted). However, the failure to warn a detainee prior to the use of pepper spray does not make the force excessive if the circumstances indicate that its limited use was reasonable. *See Shields*, 207 F.3d at 496-97 (8th Cir. 2000).

Evaluating the record in the light most favorable to Plaintiff, the Court finds that Plaintiff has failed to establish an excessive force claim for the use of the OC spray by Defendant Smith. The undisputed facts show that Plaintiff refused to cooperate and enter the psych cell when ordered

---

[7] The Eighth Circuit cites to cases involving claims made under the Eighth and Fourth Amendment to aid in analyzing whether the use of force, such as chemical spray, against a pretrial detainee was in violation of the Fourteenth Amendment. *See Leonard*, 59 F.4th at 360. The Court will utilize that approach and take guidance from cases analyzing the use of chemical spray for claims made under the Eighth Amendment.

11

to by Defendant Smith. Plaintiff's animated refusal is clearly visible in the MCDC security footage. Defendant Smith ordered Plaintiff to enter the cell at least three times while Plaintiff was unrestrained in the hallway outside the cell. Defendant Smith subsequently used one short burst of OC spray to gain compliance. MCDC personnel then promptly offered and provided Plaintiff with medical treatment for the OC spray. The only physical injury alleged by Plaintiff is a small scar on his right foot.

This record differs dramatically from cases in which there was a genuine dispute regarding excessive force because the record showed that the use of chemical spray served no legitimate purpose, the amount and method of spray was grossly disproportionate to the needs of the situation, or the plaintiff was not offered medical treatment for an extended period after the spray. *See Walker v. Bowersox*, 526 F.3d 1186, 1189-90 (8th Cir. 2008) (finding a genuine question of fact as to whether the use of a pepper spray "super soaker" against an inmate in his cell and the subsequent refusal to offer medical treatment or clean clothes for three days constituted excessive force); *Treats v. Morgan*, 308 F.3d 868, 873-74 (8th Cir. 2002) (finding a genuine question of fact regarding whether spraying an inmate for refusing to take a copy of a form was excessive force because there was little indication that the inmate's behavior was threatening to any person's safety); *Lawrence v. Bowersox*, 297 F.3d 727, 730, 732 (8th Cir. 2002) (finding a genuine question of fact as to whether using a riot sprayer to cover inmates and their entire cell with spray was excessive when there was no indication of danger or disobedience by the inmates).

The factual circumstances of this case, including the alleged lack of any warning to Plaintiff, are analogous to the situation analyzed by the Eighth Circuit in *Shields*. 207 F.3d at 495-97. The court in *Shields* found that the plaintiff failed to establish a claim for excessive force for being sprayed without warning because the record showed that plaintiff exhibited continuing

"recalcitrant" behavior, was unsecured and out of confinement at the time of the spray, was sprayed only once with a limited amount, and received prompt treatment after being sprayed. *Id*. Plaintiff was behaving as a similarly "recalcitrant" and unsecured detainee at the time he refused numerous commands to enter the psych cell. Thus, even if Defendant Smith sprayed Plaintiff without warning and prior to Plaintiff's retreat away from the psych cell, Defendant Smith's brief use of OC spray would align with the constitutionally permissible use of spray found in *Shields*. *Id*.

Also, Plaintiff's assertion that he never made suicidal statements does not undermine the reasonableness of Defendant Smith's use of the OC spray. Defendant Smith's uncontroverted report for the incident underlying Plaintiff's claims states that Defendant Martinez first informed Defendant Smith of Plaintiff's alleged suicidal statements and request to be placed into a psych cell. ECF No. 2, p. 8. This indicates that Defendant Smith was acting on the belief that Plaintiff had made those statements and that placement into the psych cell was appropriate for Plaintiff's protection. *See Kingsley*, 576 U.S. at 398 (emphasizing that the knowledge and perspective of the official at the scene is critical for determining the reasonableness of force). Thus, the undisputed evidence shows that Defendant Smith's use of OC spray was in furtherance of the legitimate purpose of ensuring Plaintiff's safety. *See Safley*, 482 U.S. at 91-92; *Bell*, 441 U.S. at 546-47.

The Court finds that there is no genuine dispute that Defendant Smith's use of OC spray was in service of a legitimate government objective and was not excessive in service of that purpose. Accordingly, Plaintiff has failed to establish a claim for excessive force in violation of the Fourteenth Amendment against Defendants Smith and Martinez for the use of OC spray. *See Kingsley*, 576 U.S. at 397-98.

**C. Qualified Immunity, Official Capacity Claims, & Respondeat Superior**

Defendants argue that Plaintiff's failure to establish a constitutional violation entitles them to qualified immunity for his excessive force claim. ECF No. 32, p. 15-17. Defendants also argue that Plaintiff's official capacity claims must fail because he alleges no official policy or custom of the MCDC that caused the alleged constitutional deprivation. *Id*. at p. 17-19. Plaintiff's response in opposition does not address this aspect of Defendants' motion for summary judgment.

Judge Bryant concludes that Defendants Martinez and Smith are entitled to qualified immunity for Plaintiff's excessive force claim. ECF No. 49, p. 22-23. Judge Bryant notes that his previous determination that there is no constitutional violation entitles Defendants Martinez and Smith to qualified immunity for Plaintiff's excessive force claim. Therefore, Judge Bryant recommends that Plaintiff's individual capacity claims for excessive force against Defendants Smith and Martinez be dismissed with prejudice. As to Plaintiff's official capacity claims, Judge Bryant concludes that Plaintiff never alleges any official policy or custom that caused the alleged constitutional deprivation and that these claims fail as a matter of law. *Id*. at p. 24-25. Further, Judge Bryant determines that Plaintiff's failure to establish a constitutional violation for his excessive force claim forecloses any valid official capacity claim for excessive force. Therefore, Judge Bryant recommends that Plaintiff's official capacity claims for excessive force against Defendants Smith and Martinez be dismissed with prejudice.

Plaintiff did not object to this aspect of Judge Bryant's R&R. Upon review, finding that there is no clear error on the face of the record and that Judge Bryant's reasoning is sound, the Court adopts this recommendation. Defendants Smith and Martinez are entitled to qualified immunity for Plaintiff's excessive force claims. Plaintiff's official capacity claims for excessive

14

force against Defendants Smith and Martinez must fail because Plaintiff failed to establish a constitutional violation.

Judge Bryant also recommends that Plaintiff's potential excessive force claims against Defendants Adams and Walker fail as a matter of law. ECF No. 49, p. 23-24. However, Plaintiff does not name Defendants Adams or Walker as defendants for his excessive force claim. ECF No. 7, p. 7. Plaintiff's "excessive force" claim explicitly names only Defendants Gray, Smith, and Martinez as defendants and does not mention Defendants Walker or Adams in his factual allegations for this claim. *Id*. There is no excessive force claim against Defendants Adams or Walker to dismiss. Accordingly, the Court will not adopt this aspect of Judge Bryant's R&R.

### IV. CONCLUSION

For the reasons stated above, the Court hereby adopts Judge Bryant's Report and Recommendation (ECF No. 49) in part. The Court disregards Judge Bryant's recommendation regarding potential excessive force claims against Defendants Walker and Adams. The Court adopts all other recommendations. Defendants' Motion for Summary Judgment (ECF No. 31) is hereby **GRANTED**. Accordingly, Plaintiff's excessive force claims against Defendants Smith and Martinez in their individual and official capacities are hereby **DISMISSED WITH PREJUDICE**. Plaintiff's remaining claims for litigation are: (1) Claim One alleged against Defendants Gray, Smith, and Martinez; (2) Claim Two alleged against Defendant Gray, and (3) Claim Three alleged against Defendants Gray, Smith, Martinez, Adams, and Walker.

**IT IS SO ORDERED**, this 28th day of September, 2023.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge